NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN PEARSON,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>U.S. BANK, National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-AR1; et al.,<br><br>　　　　Defendants-Appellees. | No. 17-56365<br><br>D.C. No. 5:17-cv-00949-CAS-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted April 11, 2018[**]

Before:　　SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Martin Pearson appeals pro se from the district court's order dismissing his action alleging federal and state law claims related to the foreclosure of his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

dismissal on the basis of res judicata. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005). We affirm.

The district court properly dismissed Pearson's action as barred by the doctrine of res judicata because his claims were raised, or could have been raised, in a prior state court action between the same parties or their privies, and that action resulted in a final judgment on the merits. *See Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (setting forth elements of res judicata under California law); *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) ("If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." (citations and internal quotation marks omitted)); *City of Martinez v. Texaco Trading & Transp. Inc.*, 353 F.3d 758, 764 (9th Cir. 2003) (privity applies under California law "if a party's interests are so similar to another party's interests that the latter was the former's virtual representative in the earlier action" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Pearson's Fed. R. Civ. P. 60(b) motion because Pearson failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th

17-56365

Cir. 1993) (setting forth standard of review and grounds for relief under Rule 60(b)).

The district court did not abuse its discretion by denying Pearson leave to amend because Pearson's time to amend as a matter of course had expired and amendment would have been futile. *See* Fed. R. Civ. P. 15(a)(1) (time to file an amended complaint as a matter of course); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

The district court did not abuse its discretion by granting the motion for attorney's fees because the Deed of Trust provided for attorney's fees in legal proceedings relating to the parties' rights under the Deed of Trust with respect to the property. *See* Cal. Civ. Code § 1717(a) (providing for recovery of attorney's fees in any contract action where the contract calls for attorney's fees); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000) (setting forth standard of review).

Appellees' request to strike the opening brief and dismiss the appeal, set forth in their answering brief, is denied.

Pearson's motion for clarification, modification, or reconsideration (Docket Entry No. 8) is denied.

**AFFIRMED.**

3                                                                    17-56365